## Patterson & Co. *versus* Wallace.

### *Competency of Witness.*— *When to be objected to.*

An objection to a witness called by one party in the trial of a cause, if known to the opposite party, must be made before he is examined; if he is permitted to testify without objection, his competency cannot afterwards be objected to when recalled for examination, at any subsequent stage of the trial.

ERROR to the District Court of *Allegheny county*.

This was a feigned issue under the Sheriff's Interpleader Act, to try the title to certain coal-boats which had been levied on as the property of Miller & McGuire, at the suit of J. & T. Patterson, but which were claimed by Alexander Wallace. The issue was formed between Alexander Wallace, as plaintiff, and J. & T. Patterson, as defendants. Among the witnesses called by the plaintiff was John Howell, who was sworn and examined without objection. After the plaintiff had closed his testimony, the defendants produced several witnesses, who were examined as to the matter on which the defence rested.

The plaintiff then recalled John Howell to the stand, for the purpose of rebutting some of the testimony that had been offered by the defendants. The defendants' counsel thereupon objected to the witness, on the ground of interest, and showed as a reason for the objection that the witness was one of the plaintiff's sureties in the bond given to the defendants conditioned to return the property in dispute if the issue should be found against him. The court below (STERRETT, P. J.) overruled the objection, which, after judgment for plaintiff, was the error assigned in this court.

*C. Hasbrouck*, for plaintiffs in error.

*E. P. Jones*, for defendant in error.

The opinion of the court was delivered, November 3d 1862, by READ, J.—A party, having a full knowledge that a witness called by his opponent is incompetent to testify on the ground of interest, may waive his objection, and permit him to give evidence in the cause. The effect of this is to remove entirely the legal bar to his examination, but leaves the question as to how far it should affect his credibility for the consideration of the jury. The witness is sworn to tell the whole truth, and he is accordingly examined, cross-examined, and re-examined. It turns out that he knows other facts material to the issue, and in a later stage of the case he is again called by the plaintiff to testify. The testimony in itself is competent and relevant, but

[Patterson & Co. v. Wallace.]

the objection is then taken that he is interested, and cannot testify farther, without even requesting the court to strike out or withdraw from the jury the preceding part of his evidence, thus preventing the whole truth, as far as the witness knew it, from being laid before the jury.

This is not the law, for the objection to the competency being waived by a party with a full knowledge of the facts, cannot be taken at any subsequent stage of the trial. The alterations in the law of England, and of many of our sister states, removing objections to the competency of witnesses, and permitting interested persons to testify, are strong evidences of the change of both legal and public opinion on this subject; and we cannot, therefore, be expected to enforce a rule which the party himself has dispensed with, and waived voluntarily in this particular case.

Judgment affirmed.