Rash's Estate

*Harry Fischer, Robert T. McCracken,* and *Illoway & Fischer,* for exceptant.
*Samuel A. Blank* and *Milton A. Kamsler,* contra.

VAN DUSEN, J., January 11, 1935.—A contest of the testator's will was instituted, and a guardian ad litem was appointed in this contest to represent the unborn children of Joseph Rash, a residuary legatee. The contest was unsuccessful. The auditing judge allowed a fee to the guardian ad litem out of principal. This was proper. It was necessary for the protection of the whole fund that this guardian should be appointed. He cannot be expected to serve without compensation, and therefore the whole fund must pay him, even though the interest which he represented is only contingent and may never come into possession. The case is different from Boyd's Estate, 270 Pa. 504, in which the minors who were represented were found to have no interest in the fund. The office of guardian in that case was not necessary for the protection of the fund.

A claim was presented by Doctor Edeiken for physician's services to the testatrix. The claimant was sworn as a witness and testified with regard to his medical education. He was then asked: "Did you treat Mrs. Rash prior to her death?" and he answered the question without objection. He then produced his books of original entry and identified them and explained how the entries were made.

Objection was then made that the doctor was incompetent, and the auditing judge ruled that the witness had become fully competent because he had been sworn and had testified without objection. He then went on to testify as to the number of visits, the price of the visits, and charges for special services, thus making out a prima facie case. The defense was that there was a contract with the decedent for a lump sum for treatment during the year, and the rebuttal was that this contract had been canceled when it appeared that the decedent required more attention than was contemplated by the contract. The claimant testified fully as to the cancellation of the contract. The auditing judge allowed his claim.

The old practice of examining a witness preliminarily on his voir dire with regard to interest which might disqualify him as a witness has fallen into

disuse. Such disqualification is now exceptional. An objection to the competency of the witness may therefore be made as soon as a topic is reached in the examination upon which the witness is incompetent. Any witness might have something to say that would be material and which occurred after the death of the decedent.

It is well established also that an objection to competency of the witness is too late if made after he has testified fully.

In Patterson & Co. v. Wallace, 44 Pa. 88, an incompetent witness was sworn and examined without objection. The plaintiff closed his testimony, and the defendants produced several witnesses. The plaintiff then recalled the incompetent witness in rebuttal, and it was held that an objection to his competency "without even requesting the court to strike out or withdraw from the jury the preceding part of his evidence" was too late, and that the objection to competency had been waived. Dean et al. v. Warnock, 98 Pa. 565, was a suit on a bond brought by a legal plaintiff to the use of others. The legal plaintiff was called for the purpose of explaining an alteration which appeared on the face of the bond. He testified that it was in the same condition as when he first received it from one of the obligors, but which one he could not remember. He was asked one or two questions on cross-examination, and then the objection to his competency was made. It was held that this objection had been waived and that the objectors "cannot thus be permitted to take the chance of obtaining testimony favorable to themselves, and then, upon discovering that it is against them, ask to have it excluded" (p. 569). This is the reason usually given for the ruling that an objection to competency is too late after the witness has testified. In an English case cited by Wigmore in sec. 586, this reason is deemed insufficient; but it has a good deal to commend it. In Gerker's Estate, 20 Phila. 49, an objection to the competency of the claimant was made "After he had been sworn and examined, and had substantially proven his case." This was held to be too late.

In the present case, the claimant testified as to his education. Strictly speaking, he was incompetent to do so. But it was hardly a disputable matter, and could no doubt have readily been proven by other witnesses. He then said that he had treated the decedent in her lifetime. This was objectionable and was coming right down to the point, but it was so general a statement that it was little more than introductory to the point. The claimant was far from having proved his case. To do so, he would have to show the number of his visits, and if he called another witness to do that he would in doing so necessarily cover the general fact which he had already stated. The witness then identified his books of account, which he was competent to do at common law: Keener, admr., v. Zartman, admr., 144 Pa. 179; Daniels's Estate, 29 Dist. R. 131; Barclay's Estate, 20 D. & C. 626.

The difference between a witness who has testified fully and substantially and a witness who has just begun upon a forbidden topic is one of degree. The majority of the court do not think that this witness had yet testified so fully that the adversary should be held to have waived the objection to competency. No harm had been done; no chance had been taken and lost. As the testimony of the claimant should have been excluded, and as it went to the heart of the case, the claim must be heard again and determined on competent evidence only.

The auditing judge will determine the admissibility of the books of the claimant as books of original entry in the light of the evidence offered to support them at such hearing. We express no opinion upon this point except to refer to Kelley's Estate, 5 Dist. R. 263.

The exceptions of the executor are dismissed, as he has no standing to file exceptions. Exceptions nos. 6 and 7 of Joseph Rash are dismissed. Exceptions 1 to 5 are sustained to the extent indicated in this opinion, and the adjudication is committed to Judge Stearne for the purpose of hearing the claim of Doctor Edeiken.