# Goldstein *v.* Hammell, Appellant.

*Wills—Construction—Survivorship—Joint tenancy.*

1. Where a testator gives to his wife and to his daughter the rents of real estate "share and share alike for and during the term of their natural lives," the daughter to inherit the share of the mother and after the death of the daughter the real estate to go to the daughter's children, and if the daughter should die without leaving children then all the properties are to go to testator's brother, if the daughter dies in the lifetime of the mother the brother will be entitled to half of the

rent inasmuch as the title vested in him on the death of the daughter. Where there is a devise to two or more by name without a clear intention to vest the estate in the survivor the estate will be held to vest severally.

*Parent and child—Adoption—Wills—After born children—Acts of April 8, 1833, P. L. 249, May 4, 1855, P. L. 430, and April 2, 1872, P. L. 31.*

2. Children adopted either under the Act of May 4, 1855, P. L. 430, or under the Act of April 2, 1872, P. L. 31, are not entitled to any rights in their adopting parents' estate, where the adoption took place after the adopting parent had executed a will. The Act of April 8, 1833, P. L. 249, relating to after born children has no application to adopted children.

Submitted Oct. 20, 1911. Appeal, No. 6, Oct. T., 1911, by defendant, from order of C. P. No. 5, Phila. Co., June Term, 1910, No. 2,129, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles Goldstein v. Mary Hammell. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover one-half of rentals of certain real estate.

The opinion of the Superior Court states the case.

The court in an opinion by RALSTON, J., made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. Horace Hepburn, William A. Carr* and *Sidney L. Krauss,* for appellant.—The statutes of Pennsylvania give the adopted child "all the rights of a child." It also subjects the child "to the duties" of a child. The humane reasoning that prompted the common-law rule and the act of 1833 applies equally as well in behalf of an adopted child as to a natural child, and unless the language of the act prohibits its being construed so as to include adopted children, it is respectfully submitted that it should be so construed: Hilpire v. Claude, 109 Ia. 159 (8 N. W. Repr.

332); Glascott v. Bragg, 111 Wis. 605 (87 N. W. Repr. 853); Flannigan v. Howard, 200 Ill. 396 (65 N. E. Repr. 782); Sewall v. Roberts, 115 Mass. 262.

Our Supreme Court has expressed the same thought as to the rights of an adopted child: Rowan's Est., 132 Pa. 299; Johnson's App., 88 Pa. 346.

The adoption was a valid adoption: Peterson's Est., 212 Pa. 453; Carroll's Est., 219 Pa. 440.

By the true construction of testator's will, the appellee (plaintiff below) has no interest whatever in the rentals from the properties devised under the second clause of the will. By the true construction of the will, the widow is entitled to the whole of the income after the death of the daughter: Arnold v. Jack, 24 Pa. 57; Redemptorist Fathers v. Lawler, 205 Pa. 24; Jones v. Cable, 114 Pa. 586; Lentz v. Lentz, 2 Phila. 117; Hart's Est., 7 Pa. C. C. Rep. 369; Erwin's Est., 5 Montg. County, 18; Morison's Est., 5 Montg. County, 155.

If the will is not construed as giving the widow the share of the rentals bequeathed the daughter after her death then there is an intestacy as to such rentals, and they go under the intestate laws to the widow and adopted daughter: Grothe's Est., 229 Pa. 186.

*Michael J. Ryan,* for appellee.—Upon the death of testator's daughter, his real estate immediately vested in the plaintiff, subject only to the widow's life estate in one-half of the rents. There was no survivorship in favor of the widow, nor was there any intestacy: McVey v. Latta, 4 W. N. C. 524; Kollock's Est., 19 Phila. 205; Kennedy's App., 60 Pa. 511; Evans v. Brittain, 3 S. & R. 135; Martin v. Smith, 5 Binn. 16; Redemptorist Fathers v. Lawler, 205 Pa. 24; Erwin's Est., 5 Montg. County, 18.

There was no intestacy: Lare's Est., 3 Pa. Dist. Rep. 741; Gillingham v. Ford, 12 Pa. Dist. Rep. 302; Brown's Adoption, 25 Pa. Superior Ct. 259; Carroll's Est., 219 Pa. 440; McCully's Est., 8 W. N. C. 14; McCann's Est., 9 Pa. Dist. Rep. 184; Ballard v. Ward, 89 Pa. 358.

Even had the adoption been valid, it could not have affected the devise to plaintiff: Schafer v. Eneu, 54 Pa. 304; Wambold's Est., 17 Pa. Dist. Rep. 330; Freeman's Est., 17 Pa. Dist. Rep. 472; Com. v. Powel, 16 W. N. C. 297; Burnett's Est., 219 Pa. 599; McCulloch's App., 113 Pa. 247; Carroll's Est., 219 Pa. 440; Phillips's Est., 17 Pa. Superior Ct. 103.

OPINION BY HENDERSON, J., March 1, 1912:

The plaintiff's action is based on a title created by the second and third clauses of the will of Zachariah Goldstein, as follows:

"Second: I give and bequeath to my wife Mary Goldstein and to my daughter, Catherine Goldstein Heron, the rents of all my other properties (real estate after the taxes and expenses accruing from said properties are deducted) share and share alike for and during the term of their natural lives, the daughter, Catherine Goldstein Heron, to inherit the share of the mother, Mary Goldstein, and after the decease of my daughter, Catherine Goldstein Heron, I give and devise the properties mentioned in the second item to her children to do as they choose with them.

"Third: If my daughter Catherine Goldstein Heron should die without leaving any children, I give and bequeath all the properties mentioned in the second item to my brother Charles Goldstein, his heirs and assigns forever."

After the will was made the testator and his wife executed a declaration or deed intended to effect the adoption of a child, Helen Kitchen. This was done with the consent of the surviving parent of the child, and the instrument was recorded in the office for the recording of deeds in the city of Philadelphia. The testator died on June 25, 1898, without having made any change in his will and without having provided for Helen Kitchen. Catherine Goldstein, one of the legatees mentioned in the second paragraph of the will, died in November, 1902, without issue. After the death of Catherine the defendant collected the rent for the

real estate described in the second paragraph of the will and used the same for the support of herself and Helen Kitchen. This action was brought to recover the share which the plaintiff alleged to be due to him as legatee under the third paragraph of the will. The appellant contends, first, that a survivorship existed in her favor after the death of Catherine Goldstein and that any right which the plaintiff might have to one-half the rent would not exist until after the appellant's death. We are not convinced that by any proper construction of the will it can be made to appear that it was the testator's intention to confer a joint estate on his widow and daughter during their lives and that the share of her who died first should be enjoyed by the survivor during the life of the latter. The bequest to these legatees is "share and share alike for and during the term of their natural lives" and in the event of the death of Catherine Goldstein then the properties mentioned in the second paragraph were to go to her children to do as they chose with them. In the contingency that Catherine died without children then the plaintiff became entitled to her share of the property disposed of in the second clause. Joint tenancies are not favorites of the law and such a construction ought to be given as would make the estates vest severally. Where there is a devise to two or more by name without a clear intention to vest the estate in the survivor the estate will be held to vest severally: Kennedy's App., 60 Pa. 511. In the absence of words showing an intention to create a joint tenancy irrespective of the act of March 31, 1812, 5 Sm. Laws 395, legacies to persons separately distinguished by their names show an intention to give each his share. In Evans v. Brittain, 3 S. & R. 135, the words "to be divided in equal portions" were held to create a tenancy in common and not a joint tenancy. The use of the words, "share and share alike" is indicative of the same intention. Kerr v. Verner, 66 Pa. 326, and Jones v. Cable, 114 Pa. 586, are cases where the language of the wills indicated that the remainder over was to take effect after the death of the

first takers. The interests, however, were only to vest after the death of all the first takers. Where there was a devise to two and a remainder over after "their" death it is reasonably plain that the testator contemplated the vesting of the remainder after the death of each of the life tenants. But the language of the will under consideration leaves no room for such a construction. The appellee was constituted the remainder-man by the third paragraph of the will and the title vested in him on the death of Catherine. As he took the title to the property he became entitled to his share of the rent. It was not necessary to make special mention of the rent in the case of the remainder because the rent and the title vested in the same person.

It is claimed in the second place that the effect of the adoption deed signed by the testator was to revoke the will as to Helen Kitchen and give to her a share in his estate and thus exclude the plaintiff's claim as set up, under sec. 15 of the act of April 8, 1833, P. L. 249, which provides:

"When any person shall make his last will and testament, and afterwards shall marry or have a child or children not provided for in such will, and die, leaving a widow and child, or either a widow or child or children, although such child or children be born after the death of their father, every such person, so far as shall regard the widow, or child or children after-born, shall be deemed and construed to die intestate, and such widow, child or children, shall be entitled to such purparts, shares and dividends of the estate, real and personal, of the deceased, as if he had actually died without any will."

Assuming that the adoption was accomplished by the testator and his wife under the act of April 2, 1872, P. L. 31, with the force and effect of an adoption under the act of May 4, 1855, P. L. 430, to which the former was a supplement, it does not follow that the act of 1833 is to be given the effect claimed for it. That statute having been passed before the act of 1855, manifestly had no reference to conditions created by the latter statute. At that time there

was no provision either at common law or under the laws of this commonwealth by which a person could adopt the child of another as his own. Authority to do this was first given by the act of 1855: Ballard v. Ward, 89 Pa. 358. The language of sec. 15 of the act of 1833 shows that the persons intended to be benefited thereby were the widow and children of the testator. Now an adoption does not make the person adopted a child of the adopter and the act of assembly could not make him such. The person adopted only becomes a child and heir of the persons adopting him as to rights of inheritance and the mutual duties and obligations imposed by law. There is nothing, therefore, in the act of 1855, or its supplement of 1872 which in terms amends sec. 13 of the act of 1833 so as to make it apply to adopted children. The right of inheritance is purely statutory and he who claims a share in the inheritance must point to the law which transmits it to him. The provisions of the section referred to were only made to apply to the widow or after-born children. The act of 1855 has not the effect to put an adopted child in all respects in the relation of a child in fact. This was shown in Com. v. Nancrede, 32 Pa. 389, in which it was held that the act of 1855 did not exempt an adopted child from the payment of a collateral inheritance tax. By the decision in Phillips' Est., 17 Pa. Superior Ct. 103, it was held that sec. 12 of the act of 1833 relating to lapsed legacies does not apply to children adopted under the act of 1855; and in Burnett's Est., 219 Pa. 599, the question was whether an adopted child could inherit from collateral kindred of the adopted parents. Our conclusion is that sec. 15 of the act of 1833 was not enlarged by the act of 1855 and its supplements and that for that reason the adopted daughter of the defendant is not entitled to the share of the decedent's estate claimed for her in the affidavit of defense.

The judgment is affirmed.