*92 N. J. Eq.*                    In re Alter.

In the matter of the probate of the will of Anna Alter, deceased.

[Submitted December 29th, 1920.   Decided January 3d, 1921.]

The act concerning adoption of minors clothes the adopted child with all the rights and privileges which, by the act concerning wills, the statute of distribution and the statute of descents, have been conferred upon children born in wedlock, including section 20 of the Wills act relating to after-born children.

On petition, &c.

*Mr. Alfred A. Stein,* proctor for the proponent.

Foster, Vice-Ordinary.

Application is made by William Alter for the probate of a paper purporting to be the last will and testament of his wife, Anna Alter, bearing date January 29th, 1916.

On March 10th, 1916, proceedings were had in the orphans court of Union county, whereby Mrs. Alter and her husband adopted a son whose name is Frederick Alter, and he survived his adopted mother, who died July 16th, 1920.

At the time of making her will, in which she bequeathed and devised her entire estate to her husband, testatrix had no issue living, and she made no provision therein for or mention of any issue she might have, nor for any child or children she might adopt.

It is insisted by proponent that this situation does not bring the will within the operation of section 20 of the act concerning wills (*Comp. Stat. p. 5865*), which declares:

"That every last will and testament made when testator had no issue living. wherein any issue he might have is not provided for or mentioned. if at the time of his death he leave a child. children or issue, or leave his wife *enceinte* of a child or children, which shall be born. such will shall be void, and such testator be deemed to die intestate"

The argument in support of proponent's contention is that while Frederick Alter, by his adoption after the making of the will, acquired the rights of inheritance to real estate, or to the distribution of personal estate of the adopting parent or parents, as if born to them in lawful wedlock, such rights, under the weight of authority, do not affect the power of the adopting parent to dispose of his property by will, even though the will was made prior to the adoption and without any provision therein for the child subsequently adopted.

Regardless of what the rule may be in other jurisdictions, the law in this state has been settled by the court of errors and appeals by the decision *In re Book's Will, 90 N. J. Eq. 549,* where Chief-Justice Gummere, in delivering the opinion of the court, held that the effect of the provisions of the act concerning the adoption of minors above mentioned (*Comp. Stat. p. 2808 § 16*) "is to clothe the adopted child with all the rights of a natural child, so far as inheritance of real estate or the distribution of personal estate is concerned. It makes such child the lawful child of the adopting parent in these respects. It changes the statutory rules regulating the devolution of property  *   *   * by enlarging the class for whose benefit they were originally passed (that is, the children born to the decedent, and their issue) by making the adopted child a lawful child of the decedent for the purpose of sharing in the distribution of his estate."

And, as the act concerning wills, the statute of descents and the statute of distribution composed the legislative system regulating the transmission of the estates of decedents, testate or intestate, prior to the passage of the Adoption act, and which this act changed to some extent, to determine the purpose of that change and its extent, the opinion further stated that all of these statutes must be taken and construed together as one system and as explanatory of each other; and, applying this rule, it was thereupon held "that the intent of all these statutes was to vest in adopted children all the rights and privileges which by the act concerning wills, the statute of descents and the statute of distribution had been conferred upon children born in wedlock; that is to say, to place them in the same position as if

they had been natural-born children of the decedent, so far as these statutes are concerned—to substitute the lawful children of the decedent, no matter what the source of their origin, in the place of those born of his body. To give this legislative purpose its full significance, the meaning of the words 'child,' 'children' and 'issue,' wherever appearing in the various statutes comprising the legislative system embodied therein, when used in relation to the testator or intestate, must be considered to have been enlarged so as to include adopted as well as natural-born children within their scope."

Applying this clear and controlling statement of the law to the present application requires the determination that the adopted son of the testatrix is entitled to the protection of his rights of inheritance in her real estate, and in the distribution of her personal estate under section 20 of the Wills act, as fully and completely as if he were the issue of her marriage, born after the making of her will, wherein he was not provided for or mentioned, with the result that the probate applied for must be denied.