# Boyd's Estate.

*Wills—Adoption of child after date of will—Parent and child—* *Acts of April 8, 1833, P. L. 249, and June 7, 1917, P. L. 403—Statutory rights.*

1. The right of inheritance is purely statutory, and he who claims a share in the inheritance must point to the law which transmits it to him.

2. A child adopted after the making of a will by the adopting father, does not have the same rights in his estate as a child actually born to him after the making of the will.

3. The Act of June 7, 1917, P. L. 403, did not change the law as to the status of adopted children, under the Wills Act of April 8, 1833, P. L. 249, as construed in Goldstein v. Hammell, 236 Pa. 305.

*Guardian and ward—Guardian ad litem—Compensation—Estate in which ward has no interest.*

4. The orphans' court has no authority to award compensation to a guardian ad litem out of an estate in which his wards have no interest.

Argued April 12, 1921. Appeal, No. 46, Oct. T., 1921, by David A. Miller, guardian ad litem, from decree of O. C. Westmoreland Co., May T., 1920, No. 323, awarding distribution, in estate of James K. Boyd, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before BEACOM, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed exceptions to adjudication. David A. Miller, guardian ad litem, appealed.

*Error assigned* was decree, quoting it.

*D. A. Miller,* for appellant.

*Paul H. Gaither,* with him *Paul S. Barnhart,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 16, 1921:

The question to be decided on this appeal, is whether a child, adopted after the making of a will by the adopting father, has rights in his estate, similar to those of a child actually born to him after the making of a will.

Testator died December 15, 1919; his will is dated November 15, 1901, and gives his entire estate to his widow. On March 28, 1905, and February 2, 1918, by

virtue of decrees of court, he had adopted two minor children. When his estate came before the orphans' court for distribution, the rights, if any, of these children, who had no guardian, were brought to the court's attention, and a guardian ad litem was appointed for them, who claimed, in their behalf, that they were entitled to participate in the estate, just as would children born to testator. The court decided otherwise and awarded the entire estate to the widow.

It is conceded by appellant, the guardian ad litem, that prior to the Wills Act of June 7, 1917, his contention would be ruled adversely by Goldstein v. Hammell, 236 Pa. 305, but he argues the conclusion there reached, growing out of the construction of earlier statutes, is not the one which should now prevail, in view of the provisions of the Act of 1917.

The Wills Act of April 8, 1833, P. L. 249, which was the act in force when Goldstein v. Hammell was decided, provides: "That when any person shall make his last will and testament, and afterwards shall marry or have a child or children not provided for in such will and die leaving a widow and child, or either a widow or child or children, although such child or children be born after the death of their father, every such person, so far as shall regard the widow, or child or children after-born, shall be deemed and construed to die intestate, and such widow, child or children, shall be entitled to such purparts, shares and dividends of the estate, real and personal, of the deceased, as if he had actually died without any will."

The section, in question, of the Wills Act of June 7, 1917, P. L. 403, is as follows: "When any person, male or female, shall make a last will and testament, and afterward shall marry, or shall have a child or children not provided for in such will, and shall die, leaving a surviving spouse and such child or children, or either a surviving spouse or such child or children, although such child or children be born after the death of their father,

every such person, so far as shall regard the surviving spouse, or child or children born after the making of the will, shall be deemed and construed to die intestate; and such surviving spouse, child or children shall be entitled to such purparts, shares, and dividends of the estate, real and personal, of the deceased, as if such person had actually died without any will."

It is well known that the latter act was framed by a commission, singularly competent on the branch of the law with which it had to deal, and that its report to the legislature was adopted substantially without change. This commission, and the legislature, knew the state of the law as to adopted children as it then was, and did not, so far as the rights of those adopted after the making of a will are concerned, place them in the same position as children born of the adopting parent. Nothing is said in the act as to adopted children; but, on the contrary, it refers "to a child or children *born* after the making of the will." As the right of inheritance is purely statutory, and he who claims a share in the inheritance must point to the law which transmits it to him, we are constrained to hold, by the very words of the act and in agreement with the reasoning in Goldstein v. Hammell, that the appellants can assert no interest in the estate of their adopted father. If it is deemed wise to provide that adopted children shall have the rights here claimed for them, the legislature can extend the law to cover them; we cannot.

One of the assignments of error raises the further question whether the court should have awarded compensation to the guardian ad litem. Passing the question as to whether such an assignment can be considered on this appeal, we dismiss it for the reason that the orphans' court has no authority to award compensation to a guardian ad litem out of an estate in which his wards have no interest.

The assignments of error are all overruled and the decree is affirmed at the cost of the estate.