## Bucher's Estate.

*Wills—Grandchildren—"Issue"—Adopted children—Act of June 7, 1917.*

1. "Issue," when used in a will, *prima facie*, means heirs of the body.

2. An adopted daughter of a son of a testator is not entitled to participate in a distribution made under the following clause of the testator's will: "The proceeds thereof [shall be] equally divided between all my grandchildren and the issue of any deceased grandchild . . . the issue of such grandchild to take his parent's share by representation."

Intestate Act of June 7, 1917, § 16, P. L. 429, considered.

Exceptions to the report of the auditor appointed by the Orphans' Court of York County, Pa., to distribute the balance on the account of Emma Jane Witman, trustee under the will of Jacob Bucher, deceased. O. C. York Co.

An adopted daughter of a son of the testator presented a claim for participation in the distribution of a fund bequeathed to the "grandchildren" of the testator. The auditor rejected her claim, and cited in support of his ruling Burnett's Estate, 219 Pa. 599; Com. *v.* Powel, 16 W. N. C. 297; Goldstein *v.* Hammell, 236 Pa. 305; Boyd's Estate, 270 Pa. 504; Buckley *v.* Frazier (Mass.), 27 N. E. Repr. 768; Gammons *v.* Gammons (Mass.), 99 N. E. Repr. 95. Exceptions were filed by the claimant.

*John A. Hoober,* for exceptions; *Jacob E. Weaver,* contra.

Ross, J., March 17, 1924.—It appears by the facts found by the auditor, undenied and undisputed by the exceptant, that the fund which the auditor was appointed to distribute amongst those who are legally entitled thereto is a fund which was part of the estate of Jacob Bucher, who died testate. His will was dated Sept. 17, 1888, and a codicil thereto was dated the same date as the will. Both were probated after his death in the register's office, this county, and letters testamentary were granted to the executors named in the will.

### Bucher's Estate.

The second item of the will reads as follows: "I give and bequeath, after the death of my said wife, unto my daughter Amanda, now married to Cornelius Welker, the interest and dividends on sixty shares of the capital stock of the York Water Company, for and during her life, and after the death of my said daughter the said sixty shares of stock shall be sold and the proceeds thereof equally divided between all my grandchildren . . . and the issue of any deceased grandchild who shall be living at the death of said Amanda Welker, the issue of such deceased grandchild to take his parent's share by representation."

The decedent's wife died. The said Amanda Welker died in February, 1923, and the said sixty shares of the stock of the York Water Company were sold by the surviving executrix, as directed in the will, who filed her account of said trust, and the balance on that account is the fund for distribution.

Among the decedent's children who survived him at the time of his death in 1888 was a son named Jacob Franklin Bucher. That son, on Aug. 5, 1895, by proceedings in the Court of Common Pleas of York County, Pennsylvania, adopted as his child a certain girl named "Mirl Gross, now Mirl Gross Bucher."

The said Jacob Franklin Bucher, the said adopting father, being dead, the said Mirl Gross Bucher claims that she is entitled to a share of the fund for distribution as a grandchild of said Jacob Bucher. Because the auditor refused to recognize her as one who was legally entitled to a share in the fund, she has filed exceptions to his report.

It is not necessary to add anything to the comprehensive report of the auditor, because his conclusion is so logically enforced by his citations of the law upon the question involved that we cannot make it clearer.

It will be observed that the testator intended the bequest to go, after the death of his wife and daughter Amanda, to "all (his) grandchildren . . . and the *issue* of any deceased grandchild." We take it that the testator meant by "issue" descendants, all persons who have descended from a common ancestor, for, at the time he made his will, it must be presumed that he intended it to take effect as if executed immediately before his death. There is nothing in the will which indicates a contrary intent: Gunning's Estate (No. 1), 234 Pa. 139.

" 'Issue' in a will, *prima facie*, means heirs of the body:" Robins *v.* Quinliven, 79 Pa. 333.

The testator could not possibly have known that his son would adopt a child long after his will was executed.

It has been held by Judge Smith, of Lancaster County, in Bealor's Estate, 23 Dist. R. 1117, that "a bequest of a remainder to 'lawful issue' will not be held to include a child adopted after the death of the testator;" and by Judge Hughes, of Washington County, in Thomas's Estate, 2 D. & C. 89, that "the Act of June 7, 1917, § 16, P. L. 429, does not give to the children and descendants of adopted children the right to inherit from their parent's natural ascendants and collateral relatives."

As has been shown by decisions quoted by the learned auditor in his report, "the right of inheritance is purely statutory, and he who claims a share in the inheritance must point to the law which transmits it to him:" Goldstein *v.* Hammell, 236 Pa. 305; Boyd's Estate, 270 Pa. 504, 507.

The auditor has pointed out that the cases upon which the counsel for Mirl Gross Bucher rests the exceptions are not applicable to the conditions of the present case.

And now, March 17, 1924, the exceptions to the auditor's report are dismissed and the report is confirmed.        From Allen C. Wiest, York, Pa.