13746

FISHBURNE *ET AL.* v. FISHBURNE

(172 S. E., 426)

*Messrs. George H. Wittkowsky* and *W. L. Cain,* for appellant,

*Mr. Claude K. Wingate,* for respondent,

January 8, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

January 31, 1925, Mrs. Marion Green Fishburne and her husband, Skottowe B. Fishburne, adopted as their child the infant, Madeline Elizabeth Fishburne. Thereafter, about November 7, 1928, Mrs. Marion Green Fishburne made her will by which she devised all of her property to her husband, Skottowe B. Fishburne for the term of his natural life, with remainder to her legally adopted daughter, Madeline Elizabeth Fishburne. July 14, 1931, Mr. and Mrs. Fishburne legally adopted Rachel Colby S. Fishburne, the sister of Madeline. These children were the nieces by blood of Mrs. Fishburne, their adopted mother. July 23, 1931, Mrs. Fishburne executed a codicil to her will whereby it was provided that Rachel Colby S. Fishburne should share equally with her sister, Madeline, in the remainder of Mrs. Fishburne's estate, after the falling in of the life estate to her husband. Mrs. Fishburne died February 28, 1932, and her will was admitted to probate March 15, 1932; the codicil attached to the will was denied admission to probate because of some defect in the manner of its execution. Skottowe B. Fishburne was named executor of the will and duly qualified as such executor.

This action was brought in the Court of Common Pleas for Richland County for the purpose of having the Court construe the will of Mrs. Fishburne with the especial purpose of determining what interest, if any, Rachel Colby S. Fishburne took in the estate. To be more explicit, the primary question is, Does Rachel Colby S. Fishburne come in under the will as an after-born child would do?

The matter was heard by Judge Dennis on an agreed statement of facts, the gist of which is embodied in the statement hereinabove set out. Judge Dennis adjudged and decreed "that Rachel Colby S. Fishburne share equally with her sister, Madeline Elizabeth Fishburne as remainderman

in the estate of her adopted mother after the death of Skottowe B. Fishburne, the life tenant." This appeal followed the filing of the Circuit Court decree.

This single question presented by the two exceptions is this: Was it error to hold that Rachel Colby S. Fishburne comes within the terms of Section 8925 of the Code of 1932 and shares equally with Madeline Elizabeth Fishburne in the remainder of the estate of their adopted mother?

The determination of the question cannot be made by confining the consideration of the issue to the provisions of Section 8925 of the Code, but that section must be considered in connection with Sections 8924 and 8679.

"Where there are different statutes in *pari materia,* though enacted at different times, and not referring to each other, they are to be taken and construed together as one system, and as explanatory of each other." *In re.* Book's Will, 90 N. J. Eq., 549, 107 A., 435.

Section 8924 is as follows: *"Posthumous Children to Receive Equal Share.*—If no provision shall be made by the will of the testator for any child or children that may be born after his death, such child or children shall be entitled to an equal share of all real and personal estates given to the other child or children, who shall contribute to make up such share or shares according to their respective interests or portions deriving to them under such will."

Section 8925 is in these words: *"Provision for Children Born after Will.*—Any child or children of any person, which may be born after the making and executing the last will and testament, but previous to the decease of such person, shall be provided for as by the preceding section."

So much of Section 8679 as is pertinent is as follows: *"Adoption of Children—Change of Name—How Affected.*—Any person or persons who may desire to adopt any child or children in· this State, and confer upon such child or children so adopted the right to inherit as the lawful

child of the said person or persons, whether it be desired to change the name of such child or children or not, shall be authorized to file his or their petition in the Court of Common Pleas for the county in which he, she or they may reside and thereupon, the Court, upon an examination into the merits of the said petition, either ·in open Court or upon reference, shall be authorized to grant the prayer thereof, upon such terms as may to the Court seem proper; and, thereupon, the name of the said child or children shall be changed, if so provided in the decree of said Court, and such child or children shall be entitled to inherit from the said petitioner or petitioners as his, her or their lawful child or children," etc.

We have found no case in the reports of our own Court which directly decides the question here involved. There are numerous cases from other jurisdictions, the opinions of which are predicated upon the applicable statutes of the several states. Necessarily there are divergent views. We have followed those cases which are founded upon statutes the terms of which are analogous, or similar, to ours, which hold that a legally adopted child will take under our statutes hereinabove quoted, or under a devise or bequest to child or children as would a child born to the parent. The decisions in support of the proposition are too numerous to mention.

The concrete question for our determination is: Does a child, adopted after the execution of the will of the adoptive parent, come in and share under the will just as would the natural-born child of the testator?

"The rights conferred on an adopted child in respect of the estate of the adoptive parent are such as accrue by virtue of the statute of the state in which the adoption took place." *Shaver v. Nash,* 181 Ark., 1112, 29 S. W. (2d), 298, 73 A. L. R., 961.

An inspection of our statute regulating the adoption of children, Section 8679, Vol. 3, Code 1932, shows that the

statute expressly gives ·to a child adopted in accordance with its provisions the right to inherit as the lawful child or children of the adoptive parent.

Section 8924, Vol. 3, Code 1932, provides that, if no provision be made in a will for a posthumous child such child shall be made equal in the estate of the testator with the other children of the testator, who shall contribute for this purpose from the shares given them by the will.

Section 8925 provides that any child or children of a person who may be born after the making and executing of the last will and testament of such person, but previous to his death, shall be provided for as by the last preceding section.

It is assumed from the language of the last section that the testator therein named made no alteration in his will after the birth of such child.

In the case with which we are concerned, Mrs. Fishburne attempted to provide for the child who was adopted after the execution of her will, by the execution of a codicil in which provision was made for this child, which codicil failed of effect only because the witnesses thereto were not all present together and did not see her sign and execute it while all were present. The codicil is not good as a testamentary paper, but it is included in the transcript of record, and is a potent, if silent, indication of the testatrix' wishes.

Rhode Island has a statute which declares that "an adopted child shall be deemed, for the purposes of inheritance, and all other legal consequences of the natural relation of parent and child, the child of the parents by adoption, as if he had been born in lawful wedlock.  *  *  *  Held, that where testator created a trust for the benefit of his two sons, the income to be used for the support of them and their families, and in the event of their decease, leaving lawful issue, for the support of such issue until the termination of the trust, and on the death of both of the sons to distribute one-half of the trust *res* to the 'children then living' of each, etc., an adopted child of one of the sons took

the same interest she would have taken as if she were a child of his body." *In re. Olney,* 27 R. I., 495, 63 A., 956, 957.

The Supreme Court of Iowa, in the case of *Hilpire v. Claude,* 109 Iowa, 159, 80 N. W., 332, 333, 46 L. R. A., 171, 77 Am. St. Rep., 524, construed a statute of that state of the following purport:

"Any person competent to make a will is authorized in manner hereafter set forth, to adopt as his own the minor child of another, conferring thereby upon such child all the rights, privileges and responsibilities which would pertain to the child if born to the person adopting in lawful wedlock.

"Upon the execution, acknowledgment, and filing for record of such instrument, the rights, duties, and relations between the parent and child by adoption, shall, thereafter, in all respects, including the right of inheritance [on the part of the child], be the same that exist by law between parent and child by lawful birth."

The Court said: "Having found that under the Code of 1873 the subsequent birth of a legitimate child to the testator before his death operated as a revocation of his prior wills, we now inquire whether the adoption of a child has the same effect. This question is before this Court for the first time, and, owing to differences in the statutes of this and other states, we find but little aid in the decisions of other Courts. * * * Our statute, in declaring the rights of adopted children, does not contain any exceptions, as do those to which our attention has been called, and it is difficult to conceive of language that would more clearly place them upon the same level in all respects with children of lawful birth. The reasons for the rule that subsequent birth of a legitimate child to the testator before his death operates as a revocation of his prior will apply with equal force to a subsequent adoption under a statute like ours, containing no exceptions or qualifications, and declaring that the rights,

duties, and relations between parent and child by adoption shall 'in all respects, including the right of inheritance, be the same that exist by law between parent and child by lawful birth.' * * * We conclude that it is the legislative intention to place adopted children upon the same level as children of lawful birth in all respects."

The similarity of the statute of Iowa and ours authorizes us to hold that it was the intent of the Legislature which enacted our statute to place adopted children upon the same plane as children of lawful birth.

It may be conceded that the birth of a posthumous child under our statute does not operate to revoke a will, but it does operate to open it and let in such child. Section 8924. Adopting the logic of the Iowa Court, it will follow that the adoption of a child after the execution of such will will operate to open it and let in such child. And section 8925 of our Code expressly says that a child born after the execution of a will and before the death of the testator shall be provided *for as by the preceding section.* Section 8924.

The Supreme Court of Illinois, in the case of *Flannigan v. Howard,* reported in 200 Ill., 396, 65 N. E., 782, 783, 59 L. R. A., 664, 93 Am. St. Rep., 201, construed a statute of the following import: "A child so adopted shall be deemed, for the purpose of inheritance by such child, and his descendants and husband or wife, and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock. * * * By this section, an adopted child, for the purpose of inheritance and other legal consequences and incidents of the natural relation of parents and children, is declared to be, in law, the child of the parents, the same as if he had been born to them in lawful wedlock, except as therein stated. By the plain and unambiguous language of the statute, the right of plaintiff in error to inherit from Bridget Howard is made identical with the right of a child born to her; and when

plaintiff in error became her child by adoption, after the making of the will, the effect, in law, was precisely the same as the birth of a child to the testatrix. * * * Our statute is copied from the Massachusetts Act, and under that Act it was held that, so far as the right of inheritance is concerned, an adopted child must be regarded in the light of a child born to the adopting parent. *Sewall v. Roberts,* 115 Mass., 262. An adopted child becomes the lawful child of the adopting parent for all purposes of inheritance, and is in the eyes of the law as much the child of such parent as though it had been his own child. *Keegan v. Geraghty,* 101 Ill., 26; *Sayles v. Christie,* 187 Ill., 420, 58 N. E., 480. The authorities are generally to the effect that for all purposes of inheritance an adopted child is the lawful child of the adopting parent, except as otherwise provided by the statute. We are of the opinion that plaintiff in error is within the provisions of the statute, and entitled to its benefits."

That decision was rendered in 1902; twenty years afterwards, in 1923, it was assailed as being contrary to the generally accepted view, but the Supreme Court of Illinois sustained and reiterated it in the case of *Hopkins v. Gifford,* 309 Ill., 363, 141 N. E., 178, 181. In 1908 Cyril G. Hopkins and his wife adopted Van Fitzgerald, and in 1910 they adopted William Scott Gifford. Thereafter Hopkins died leaving a will made in 1893, which devised and bequeathed all of his property, real and personal, to his wife. She brought action to quiet title to the real estate alleging that the adoptions were void; with that phase of the case we have no concern. The adoptions were held to be valid, and the question then arose, What interest do the adopted children take in the Hopkin's estate? On that question the Supreme Court said:

"From what has been said, it follows that the appellees are the legally adopted children of Cyril G. Hopkins, deceased, and the appellant.

"By Section 5 of the Adoption Act it is provided that:

" 'A child so adopted shall be deemed, for the purposes of inheritance by such child, and his descendants and husband or wife, and other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation.'

"By Section 10 of the Act relating to descent (Smith's Stat., p. 700) it is provided that:

" 'If, after making a last will and testament, a child shall be born to any testator, and no provision be made in such will for such child, the will shall not on that account be revoked; but unless it shall appear by such will that it was the intention of the testator to disinherit such child, the devises and legacies by such will granted and given, shall be abated in equal proportions.'

"It was decided in *Flannigan v. Howard, supra,* that a child adopted after a will is made is within the meaning of Section 10 of the Statute of Descent, and while appellant urges earnestly that the *Flannigan case* is not in accord with the greater weight of opinion in this country, it is the decision of this Court construing a statute of this State, and for that reason, and the further reason that we are of the opinion that it is right, it is adhered to here. The statute provides that as far as inheritance is concerned an adopted child stands in the same relaton to the adoptive parent as a natural child. It was held in *Ryan v. Foreman*, 262 Ill., 175, 104 N. E., 189, Ann. Cas., 1915-B, 780, that an adopted child of a policeman has the same rights in a pension fund under the Police Pension Fund Act as a natural child."

*In re. Book's Will,* a case decided by the Court of Errors and Appeals of New Jersey and reported in 90 N. J. Eq.,

549, 107 A., at pages 435, 436, the opinion of that justly highly regarded Court is an illuminating contribution to the solution of the matter which we have under consideration.

It appears from the history of the case that William Book and his then wife, Annie, in 1908 legally adopted Frederick Feindt, an infant. Book's wife having died, he married again. In 1915 he executed his will, by the terms of which he gave his adopted son, Frederick, his jewelry, to his wife, Emma, a house and lot, and then directed the residue of his estate to be divided into three equal parts, two of which he gave to his wife and one to his adopted son, Frederick, to be held in trust for him until he arrived at the age of 25 years. When William Book died, his wife was pregnant with a child, which was born. Frederick, the adopted son, attacked the validity of the will, alleging that it was null and void under Section 20 of·the Act concerning wills, 4 Comp. St., 1910, p. 5865, which is as follows: "That every last will and testament made when the testator had no issue living, wherein any issue he might have is not provided for or mentioned, if at the time of his death he leave a child, children or issue, or leave his wife *enciente* of a child or children which shall be born, such will shall be void, and such testator be deemed to die intestate."

The case turned upon the question whether Book, having an adopted child when the will was made, the statute applied. The Court said: "By its fourth section [of the Act regulating adoption], it provided that the the effect of the decree of adoption should divest the natural parents of the child of·all legal rights and obligations due from them to the child, or from the child to them, and that the adopting parent or parents should be invested with every legal right in respect to obedience and maintenance on the part of the child as if it had been born to them in lawful wedlock, and that the child should be invested with every legal right, privilege, obligation, and relation in respect to education,

maintenance, and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock. * * * The effect of the legislation just adverted to is to clothe the adopted child with all the rights of a natural child so far as inheritance of real estate or the distribution of personal estate is concerned. It makes such child the lawful child of the adopting parent in these respects. It changes the statutory rules regulating the devolution of property, not by amending, or repealing *pro tanto,* the provisions of pertinent legislative enactments, but by enlarging the class for whose benefit they were originally passed (that is, the children born to the decedent, and their issue), by making the adopted child a lawful child of the decedent for the purpose of sharing in the distribution of his estate."

It was held, therefore, that the statute did not apply, and the will was not void, manifestly because the testator left a child (the adopted child) living at the time of making his will.

It is frankly admitted that there are authorities contrary to the views herein expressed. Some have been cited by counsel for the appellant. In so far as we have been able to review them, they turn on statutes not in accord with ours, or upon facts which differentiate them from the facts of this case, and which, therefore, render them inapplicable as authority.

We venture to say that the conclusion reached by the decree of the Circuit Judge, in which we concur, is in consonance with the opinion of Courts of high repute for ability and learning, and is in harmony with the legislative intent of our statutes, and comports with justice.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.