REUBEN WOOLFORD,

*vs.*

MARY K. WOOLFORD, CUMMINGS WOOLFORD, GEORGE W. WOOLFORD, JR., OCEA BALDWIN, IDA WOOLFORD CANNON and CALEB M. WRIGHT, Guardian *al litem* for Wilmer Jeremo Woolford, a minor.

*Orphans' Court, Sussex, October 11, 1950.*

CAREY, J., sitting.

*John J. McNeilly*, for Reuben Woolford.

*James M. Tunnell, Sr.*, of the firm of Tunnell & Tunnell, for Ocea Baldwin.

*Isaac D. Short, 2d*, for Caleb M. Wright, guardian *ad litem*.

CAREY, Judge: The issue presented is whether the adoption of a child has the same effect as the birth of a child upon a will previously executed by one of the adopting parents, where the will makes no mention of the child and was in fact executed several years before the adoption took place. A decision of the point requires an examination of certain statutes, one of which is 3716 *Revised Code of Delaware*, reading, as follows:

"3716. Sec. 14. After-Born Children; Take As If Upon Intestacy of Parent; when:—A child, born after its parent shall have made a last will and testament, and for which such parent shall have made no provision by will or otherwise, shall take the same portion of its said parent's estate, both real and personal, that he would have been entitled to if such parent had died intestate."

Several sections which immediately follow provide a

method for enforcing the after-born child's rights as against other beneficiaries under the will.

3551 *Revised Code of Delaware* 1935, as amended by *Vol.* 41, *Laws of Delaware, Ch.* 187, defines the legal status of an adopted child in these words:

"Such child shall, from and after the entry of the interlocutory order herein provided for, be, to all intents and purposes, the child and heir at law of the person so adopting him or her, unless and until such order is subsequently revoked, entitled to all the rights and privileges and subject to all the obligations of a child of such person begotten in lawful wedlock; but on the decease of such person and the subsequent decease of such adopted child without issue, the property of such adopting parent still undisposed of shall descend to his or her next of kin, and not to the next of kin of such adopted child."

The form of final decree of adoption is set forth in the same section and includes a decree that "the said child, to all legal intents and purposes, is the child of the said petitioners."

The Delaware decisions construing the adoption statute are of little help in solving the present problem. The cases of *Industrial Trust Co. v. Glanding,* 28 *Del. Ch.* 125, 38 *A. 2d* 752, *affirmed* 29 *Del. Ch.* 517, 46 *A. 2d* 881, and *Rhoads v. McFarland,* 28 *Del. Ch.* 232, 40 *A. 2d* 542, are perhaps material to the extent that they hold that the above quoted provisions of the adoption law must be "read into" our statute of distribution in construing the meaning of the word "children" as used in the latter. By the same token, it is reasonable to say that the same provisions of the adoption law should be "read into" the after-born child statute for the purpose of determining the meaning of the word "child" as used in the latter.

In several cases our courts have strictly construed the adoption laws against the adopted child when dealing with the distribution of property of others than the adopting parents, and have indicated that the adopted child does not inherit through those parents but only from them.

*Hall v. Crandall,* 25 *Del. Ch.* 339, 20 *A.* 2d 545; *Huxley v. Security Trust Co.,* 27 *Del. Ch.* 206, 33 *A.* 2d 679; *Glanding v. Industrial Trust Co.,* 29 *Del.* 517, 46 *A.* 2d 881. We are here dealing with the relationship between the immediate parties to the adoption, and as to them a somewhat more liberal attitude is probably justified. See *Marshall v. Marshall,* 25 *Tenn. App.* 309, 156 *S.W.* 2d 449. Strictness or liberality of construction is not particularly important here, however, because even a strict interpretation is fully consistent with the reasoning and result herein accepted.

Our Legislature enacted laws pertaining to descent and distribution, as well as the after-born child act, long before any adoption statute existed in this State. These prior enactments define the rights of natural legitimate children in property of a deceased parent. It must be presumed that the rights conferred by these statutes were kept in mind by the Legislature when the adoption statute was passed. It is entirely fitting and appropriate, therefore, to consider all these enactments *in pari materia* and to construe them together. *In re Book's Will,* 90 *N.J. Eq.* 549, 107 *A.* 435.

It will be observed that the adoption act nowhere defines specifically the various rights of an adopted child; in the broadest language conceivable, it makes him the child and heir of the adopting parent, "entitled to all the rights" of a natural child; it contains no exception save for the final proviso which is immaterial in this case. To ascertain the rights of such a child, we must look elsewhere; that is, to those statutes which do define them. One such right is that of a child born after the will to receive the same portion of the parent's estate as if the parent had died intestate.

The reason underlying the passage of an after-born child statute is the probability that a testator, who has made his will long before the birth of a child, had no intention to disinherit that child. The act is predicated upon the likelihood that the testator would have provided for

the child in his will if he had anticipated its future existence. In the light of its reason and purpose, it is difficult to see why the Legislature would intend to make a distinction between a natural child and an adopted child in this particular. The adoption brings to the adopting parent a new "child and heir" entitled, so far as the parent is concerned, to all the rights of a natural child, subject to the single proviso mentioned. It is reasonable to assume that this new parent would have made some provision for his new "child and heir", if he had anticipated the future relationship.

The result suggested by the foregoing argument is supported by the great majority of reported decisions on the point. *Flannigan v. Howard,* 200 *Ill.* 396, 65 *N.E.* 782; *Bourne v. Dorney,* 184 *App. Div.* 476, 171 *N.Y.S.* 264, affirmed without opinion in 227 *N.Y.* 641, 126 *N.E.* 901, wherein *In re Gregory's Estate,* 15 *Misc.* 407, 37 *N.Y.S.* 925, was tacitly disapproved; *Marshall v. Marshall,* 25 *Tenn. App.* 309, 156 *S.W.* 2d 449; *Fishburne v. Fishburne,* 171 *S.C.* 408, 172 *S.E.* 426; *Dreyer v. Schrick,* 105 *Kan.* 495, 185 *P.* 30; *Alexander v. Samuels,* 177 *Okl.* 323, 58 *P.* 2d 878; *Grimes v. Jones,* 193 *Ark.* 858, 103 *S.W.* 2d 359; *In re Alter's Will,* 92 *N.J. Eq.* 415, 112 *A.* 483; *In re Sandon's Will,* 123 *Wis.* 603, 101 *N.W.* 1089; *Hilpire v. Claude,* 109 *Iowa* 159, 80 *N.W.* 332; *In re Rendell's Estate,* 244 *Mich.* 197, 221 *N.W.* 116; *Bell v. Bell,* (*Tex. Civ. App.*) 180 *S.W.* 2d 466. Of particular interest is *Van Brocklin v. Wood,* 38 *Wash.* 384, 80 *P.* 530, wherein the adoption statute read almost exactly like the Delaware act.

Of those decisions holding to the contrary, only *Goldstein v. Hammell,* 236 *Pa.* 305, 84 *A.* 772, which was followed by *In re Boyd's Estate,* 270 *Pa.* 504, 113 *A.* 691, is based upon a statutory scheme similar to ours. Apparently, the court there felt that the adoption statute was not *in pari materia* with earlier statutes defining the rights of natural

children. In any event, for the reasons given herein, I decline to follow the Pennsylvania rule.

The Alabama case of *Russell v. Russell,* 84 *Ala.* 48, 3 *So.* 900, involved an adoption law giving extremely limited property rights to an adopted child. For this reason, it is not regarded as persuasive. The decisions in *Davis v. Fogle,* 124 *Ind.* 41, 23 *N.E.* 860, and *In re Comassi's Estate,* 107 *Cal.* 1, 40 *P.* 15, were apparently based upon a revocation statute which does not resemble ours but which eliminates the possibility of revocation by implication. The Delaware act expressly recognizes the validity of implied revocations. 3715 *Revised Code of Delaware,* 1935.

When Brooksie Woolford executed his will in 1931, he could not have contemplated the future adoption of this child. It was not born until six years later. By the adoption, the child became entitled to share in Brooksie Woolford's realty and personalty as if he had never made a will. Under the statute, however, the will did not become entirely invalid; it became inoperative only to the extent necessary to secure the child's interest. As to the real estate owned by Brooksie Woolford, however, inasmuch as there is no other issue, the child's share is the entire estate subject to the widow's one-half interest for life, as provided in the intestate law.

Distribution of the share in question, when made, will be in accordance with the foregoing opinion.