126 N.J. Super. 140 (1973)
312 A.2d 901
IN THE MATTER OF THE ESTATE OF IRWIN MARKOWITZ, DECEASED.
Superior Court of New Jersey, Essex County Court  Probate Division.
Decided November 12, 1973.
*142 Mr. Benjamin J. Slavitt, Esq., argued the cause for plaintiff.
Mr. Thomas R. Farley, Esq., argued the cause for defendants.
HARRISON, J.C.C.
This is an application by the guardian ad litem of two infant plaintiffs for the declaration of partial intestacy with respect to the estate of their adoptive father pursuant to N.J.S.A. 3A:3-11. Although defendants' counsel (acting for the two natural-born children of decedent) claims a question without specific precedent as to the effect of N.J.S.A. 3A:3-11 is presented by the facts that question does not involve the dispositive issue of the case. We will consider this issue first since defendants placed greater emphasis on it in their brief and argument.
The facts are not in dispute. The testator, Irwin Markowitz, had divorced his first wife by whom he had two children. He then married Robin Markowitz, who had two *143 daughters of her own born January 18, 1957 and June 9, 1959, respectively. On July 19, 1967 testator executed his will. By an order of adoption entered June 28, 1968, testator adopted his second wife's two children, who were then respectively 11 and 9 years of age.
Testator died on March 1, 1973 without making any change in his will. He made no specific mention of his adopted children, but by the second paragraph of the will he provided:
In the event that she [his second wife] predeceases me, I then direct my Executors, hereinafter named, in their sole and absolute discretion, (their decision to be final) to distribute the aforesaid chattels to my children, me surviving, as they deem fit and proper. * * *.
Plaintiff-guardian contends the two adopted children should be treated as though they were testator's natural children, born after the will was executed, and that the estate be distributed on the basis of partial intestacy as to them, claiming that the will neither provided for, mentioned nor disinherited them.
In support of his contention, plaintiff relies upon N.J.S.A. 3A:3-11 and N.J.S.A. 9:3-30. N.J.S.A. 3A:3-11 provides as follows:
If a testator, having any child born at the time of the making of his will, shall, at his death, leave any child born after the making thereof, or any issue of any such after-born child, such after-born child or his issue, if neither provided for by settlement nor disinherited by the testator, shall take the same share as if such testator had died intestate.
Toward raising any such share, the devisees and legatees and their representatives shall contribute proportionately out of the part devised or bequeathed therein to them.
N.J.S.A. 9:3-30 B. provides as follows:
The entry of a judgment of adoption shall establish the same relationships, rights, duties and obligations between the child and the adopting parent as if such child were born to such adopting parent *144 in lawful wedlock. In applying the intestate laws of this State, an adopted child shall have the same rights of inheritance as if born to the adopting parent in lawful wedlock. In the construction of any testamentary or other document executed subsequent to the effective date of this act, an adopted child shall be deemed lawful issue of the adopting parent unless such document shall otherwise provide.
The defendants do not dispute adopted children's rights to be considered "children" with the same inheritance status as though they were natural born children, In re Alter, 92 N.J. Eq. 415 (Prerog. 1921), but they do contend that plaintiffs are not entitled to share in the estate as their guardian ad litem contends for two reasons. First, they claim that though plaintiffs were adopted after the date of the will, they were in fact physically born long before its execution and therefore cannot claim to be after-born children under N.J.S.A. 3A:3-11. Secondly, they claim that the contingent gift in the second paragraph of the will, directing the executors, in the event his wife predeceased the testator, "in their sole and absolute discretion (and their discretion shall be final) to distribute the aforesaid chattels to my children, me surviving," indicated an awareness and mention of the testator's after-adopted children as well as his natural-born children which precludes any benefit they might have had under N.J.S.A. 3A:3-11.
The defendants contend that the precise verbiage of N.J.S.A. 3A:3-11 does not include an after-adopted child when it provides for "any child born after the making thereof" (i.e. of the will), citing authorities proscribing correction by the courts of errors or omissions in legislation and citing the actions of the legislatures of the states of Connecticut and Alabama in amending statutes similar to N.J.S.A. 3A:3-11 to specifically provide for a child adopted after the testator executes his will.
We find that their contentions in the context of this case is not in accord with the applicable principles of statutory construction in this State.
*145 N.J.S.A. 3A:3-11 and N.J.S.A. 9:3-30 have been construed to be in pari materia. Palmer v. Kingsley, 27 N.J. 425 (1958); State v. Green, 62 N.J. 547, 554-555 (1973). These statutes providing for adoption and inheritance rights of adopted children declare the State's public policy to provide for the protection and general welfare of such children.
The pertinent language of N.J.S.A. 9:3-30 provides:
The entry of a judgment of adoption shall establish the same relationships * * * between the child and the adopting parent as if such child were born to such adopting parent in lawful wedlock.
Born when? Encompassed within this public policy is the patent purpose to protect children, natural-born or adopted, from the unmindful, inadvertent omission of any provision or mention of them by the parent in his will. The critical consideration is the fact that the child who generally may be considered an object of bounty or of some provision for future care is not in existence at the time the testator-parent makes his will. Regardless of the time when an adopted child is physically born, he or she does not come into existence as a child of the adoptive parent (in the sense that the law equates the relationship of a natural-born child with that of an adopted child) until the effective date of the order of adoption.
The defendants argue that the Legislature would have included the term "after-adopted children" had it intended to accord them the same pretermittent rights as after-born children. While it is true that courts generally will not supply what has been omitted by the Legislature, (see Publix Asbury Corp. v. City of Asbury Park, 18 N.J. Super. 286 (Ch. Div. 1951), aff'd 18 N.J. Super. 192 (App. Div. 1951); Abbott's Dairies, Inc. v. Armstrong, 14 N.J. 319 (1954)), omissions may be supplied where they are necessary to carry out the manifest intent of the Legislature. See Keenan v. Essex County Board of Chosen Freeholders, 101 N.J. Super. 495 (Law Div. 1965).
*146 Principles of statutory construction applicable here were reviewed recently by Justice Mountain as follows:
In reading and interpreting a statute, primary regard must be given to the fundamental purpose for which the legislation was enacted. Where a literal rendering will lead to a result not in accord with the essential purpose and design of the act, the spirit of the law will control the letter. This doctrine permeates our case law." [N.J. Builders, etc. v. Blair, 60 N.J. 330, 338-339 (1972)]
Justice Heher is cited in this case as follows:
The intention emerges from the spirit and policy of the statute rather than the literal sense of particular terms. [Caputo v. The Best Foods, 17 N.J. 259, 264 (1955)]
See also, State v. Angelo's Motor Sales, 125 N.J. Super. 200, 207 (App. Div. 1973).
Applying these principles to the instant case it is clear that the strict exclusionary effect of the defendants' position here would run counter to the basic design of our adoption laws. The Legislature's prerogative to clarify its intent by adding verbiage to the statute does not of necessity make inconsistent or preclude an interpretation of the existing wording in accordance with above cited guidelines provided by our Supreme Court.
Our construction of these statutes as applied to the facts of this case would lead us to hold that an adopted child is "born" to the adoptive parent within the contemplation of N.J.S.A. 9:3-30 with the entry of the order of adoption. Under the undisputed facts in this case plaintiffs may be deemed to have all the rights of after-born children. Haver v. Herder, 96 N.J. Eq. 554 (Ch. 1924); In re Book, 90 N.J. Eq. 549 (E. & A. 1919); In re Reed, 19 N.J. Super. 387 (Cty. Ct. 1952).
The dispositive issue in this case, however, concerns the application of N.J.S.A. 3A:3-11 providing for testator's partial intestacy as to the after-born child "if neither provided for by settlement nor disinherited by the testator *147 * * *." It is, indeed, true, as plaintiff here argues, that whether the child was "mentioned or provided for" within the meaning of the statute must be found in the instrument itself. That instrument in this case provides, inter alia:
In the event that she [wife, Robin] predeceases me, I then direct my Executors * * * to distribute the aforesaid chattels to my children, me surviving * * *.
Whether the phrase in a testatrix' will, "any child or children who may survive me," did or did not constitute a mention or provision for after-born children was determined in the affirmative in In re Campbell, 71 N.J. Super. 307, 310 (County Ct. 1961). There Judge Crane, now a judge of the Superior Court, Appellate Division, construing N.J.S.A. 3A:3-10, a companion statute of N.J.S.A. 3A:3-11, rejected the arguments advanced here by plaintiff that the will neither mentions nor provides for the after-born children, saying:
We find no requirement in N.J.S. 3A:3-10 that a specific legacy or settlement be made as was apparently the requirement under English law at one time. See In re Santelli's Estate, 28 N.J. 331, 333 (1958). Our statutes permit intentional disinheritance. Stevens v. Shippen, 28 N.J. Eq. 487, 536 (Ch. 1877) affirmed 29 N.J. Eq. 602 (E. & A. 1878).
We conclude that the language of the will making the contingent bequest to "my children, me surviving" constituted sufficient mention or provision for the after-adopted children to refute any contention that testator was thoughtless, forgetful, or acted inadvertently with respect to the adopted children when he drew his will. Accordingly, we find N.J.S.A. 3A:3-11 is not applicable to plaintiff's claims. Plaintiff's application is denied.