**PARKER et al. v. SWAIN.**   (No. 1683.)

(Court of Civil Appeals of Texas. Amarillo. June 2, 1920.)

**Descent and distribution ⬳47(3)—Statute defining rights of children born after execution of will by "testator" held applicable to will of mother.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 7866, providing that, if a "testator" has a child at time of execution of will, a child born subsequently who survives testator shall be entitled to the share he would have received if the "father" had died intestate, *held* applicable to the rights of an after-born child under his mother's will, in view of article 5502, subds. 3, 4.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Testator.]

Appeal from District Court, Lipscomb County; W. R. Ewing, Judge.

Suit by William Henry Swain against Leonard C. Parker, executor, and others. From judgment rendered, defendants appeal. Affirmed.

Coffee & Holmes, of Miami, for appellants.
Hoover & Willis, of Canadian, for appellee.

HALL, J. This case is before us upon an agreed statement of facts, upon which it was submitted to the trial court. It appears from the pleadings and the statement that Mrs. Jessie Swain executed a will on December 21, 1917, by which she appointed the appellant independent executor of her will and the guardian of her minor children. By her will she gave to S. E. Swain, her second husband, $5,000, and to her niece some personal property. The residue of her estate she gave in equal portions to her minor sons, John Bedford Cunningham and Joe Preston Cunningham, the children of her first marriage. On December 8, 1918, and nearly 12 months after the execution of her will, the appellee was born. His father, as next friend, sued the executor and the two children of Mrs. Swain's former marriage to annul the will and to recover his interest under the statutes of descent and distribution, insisting by proper assignments that under articles 7865, 7866, and 7867 the will was inoperative and appellee entitled to recover. The principal contention under the two assignments is that—

"An after-born child of a married woman does not inherit a part of her estate where she leaves a duly executed will, made prior to its birth, in which no mention or provision for said child is covered by the will."

Since the appellee, minor, was born about 12 months after the execution of his mother's will, article 7866 is the only one of the three articles mentioned applicable to the case. That article is:

"If a testator having a child or children born at the time of making his last will and testament, shall, at his death, leave a child or children, born after the making of such last will and testament, the child or children so afterborn and pretermitted shall, unless provided for by settlement, succeed to the same portion of the father's estate as they would have been entitled to if the father had died intestate; toward raising which portion the devisees and legatees shall contribute proportionally out of the parts devised and bequeathed to them by such last will and testament in the same manner as is provided in article 7865."

Appellant insists that because this statute does not mention a testatrix, but specifically refers to wills made by testators, appellee cannot claim under his mother's will. A married woman is authorized by the laws of Texas to dispose of her estate by will. Article 5502, V. S. C. S., provides that—

"The following rule shall govern in the construction of all civil statutory enactments:
"(1) * * *
"(2) * * *
"(3) The masculine gender shall include the feminine and neuter.
"(4) The singular and plural numbers shall each include the other, unless otherwise expressly provided."

We have found no case in this state in which this question has been directly considered by the Supreme Court. In the case of Pearce v. Carrington, 124 S. W. 469, these statutes were discussed. Upon writ of error to the Supreme Court, where the case is reported as Pearce v. Pearce, 104 Tex. 73, 134 S. W. 210, Judge Ramsey uses this language:

"We think the true interpretation of our statute is that, in testing and determining whether the unborn child is mentioned in the will, the language of the testator (the testatrix in this case) should be construed and considered with reference to the situation and facts within his knowledge, and having in mind the considerations on which and with reference to which he was then acting."

Judge Ramsey seems to assume that the statute is applicable to wills made by either the father or mother of after-born child. The authorities are not in perfect accord upon the question. A similar statute, under a state of facts such as we have in this case, was discussed by the Supreme Court of Georgia in Ellis v. Darven, 86 Ga. 368, 12 S. E. 652, 11 L. R. A. 51. The conclusion was reached that the word "testator" also included "testatrix." To the same effect is Durfee v. Risch, 142 Mich. 504, 105 N. W. 1114, 5 L. R. A. (N. S.) 1084, 7 Ann. Cas. 785, to which cases and other authorities cited in the note we refer for further discussion. In the light

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of these cases, which are sustained by the weight of authority, we think the judgment should be affirmed, and it is accordingly so ordered.

Affirmed.