### BELL v. BELL.

No. 4366.

Court of Civil Appeals of Texas. El Paso. March 16, 1944.

Rehearing Denied March 30, 1944.

James D. Willis, of Pecos, for appellant.

J. A. Drane, of Pecos, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Reeves County. Clarence Bell, individually and as independent executor of the estate of his deceased wife, Gail Shepard Bell, instituted this action against Frederick Fancher Bell, Jr., a minor, Robert Henry Bell, Luther Shepard Bell, Frederick Fancher Bell and Gertrude Bell Rackley. The purpose of the action was to obtain a declaratory judgment as to the legal effect of the will of Gail Shepard Bell, deceased, and to determine the status of the property of Gail Shepard Bell as to what portion of same was her separate property and the community property of herself and the plaintiff, Clarence Bell. Upon a hearing before the court judgment was entered in substance that the

effect of the will was to vest in the defendants each an undivided one fifth interest in the estate of Gail Shepard Bell, deceased, subject to the life estate therein of plaintiff as provided in her will. The judgment further declared certain of the property to be separate property and other property to be the community property of plaintiff and the testatrix. Frederick Fancher Bell, Jr., through his guardian ad litem, has duly perfected appeal from the judgment rendered.

It is deemed necessary to set forth the relevant portion of the will of Gail Shepard Bell.

The second paragraph is as follows: "After the payment of all my just debts, together with all costs incident to the probate of this will, I give, devise and bequeath all the rest, residue and remainder of all the property both real, personal and mixed, of which I may die seized or possessed, or to which upon my death, I may be entitled, to my beloved husband, Clarence Bell, for his use, benefit and enjoyment for and during his natural life with full right, power and authority to have and enjoy all the income from such property as it may then exist and to have, use and enjoy any part or parts or all of the corpus of such estate, during his lifetime, as he in his discretion may require or desire. And to the end that he may have full enjoyment of such income and such right to have, use and enjoy any part or parts or all of the corpus of said estate, during his natural life I hereby give and grant unto my said husband, Clarence Bell, during his lifetime full right, power and authority to sell, lease, lease for oil, gas and/or other minerals, exchange, mortgage and/or pledge my said estate or any part or parts thereof as well as any property purchased or taken in exchange by him and to invest and reinvest the proceeds of any and all leases, sales, mortgages and/or hypothecation thereof."

The third paragraph: "It is my will, desire and purpose that my said husband, Clarence Bell, in the event he shall survive me, shall have and enjoy during his life all property of every nature and kind of which I may die seized or possessed or to which upon my death I may be entitled, to use during his lifetime as he may deem necessary or desirable for his support, comfort and enjoyment and that upon his death that all of said property remaining shall pass to and vest in fee simple in my four children, viz., Frederick Fancher Bell, Luther Shep-

ard Bell, Robert Henry Bell and Gertrude Guye (nee Gertrude Hubbard Bell), share and share alike; and, subject to the life estate aforesaid of my said husband, Clarence Bell, and subject to his use and enjoyment of said property with all the rights, powers and privileges aforesaid, I give, devise and bequeath in fee simple to my said four children, Frederick Fancher Bell, Luther Shepard Bell, Robert Henry Bell and Gertrude Bell Guye, all the rest, residue and remainder of my said estate as and in such form, status or character as it may exist at the date of the death of my said husband, Clarence Bell."

This will has been duly probated. It was made on the 19th day of June, 1936. At the time of the making of this will plaintiff and the testatrix were husband and wife and up to her death on the 19th day of July, 1943, were such. Born of the marriage were the following children: Frederick, Luther, Robert and Gertrude (now the defendant Gertrude Bell Rackley); each and all are adults, and are defendants in this proceeding.

On or about the 1st day of June, 1937, plaintiff and testatrix duly adopted by proceeding in the District Court of Reeves County, Texas, Frederick Fancher Bell, Jr., their grandson, a child of about five years of age. These proceedings were regular in every respect, and as such adopted son of plaintiff and testatrix endowed the child with all the rights of a natural child of the said adopting parents.

The briefs of the parties evidence on the part of each a sincere effort to have the law applied to the existing situation. Appellee desires that appellant be accorded his full legal rights. The guardian ad litem, on behalf of the minor appellant, seeks nothing more. However it be decided, we are sure the property rights of appellant will be carefully guarded by appellee.

We have here a situation presented where a mother having children makes a will and thereafter becomes the parent by adoption of another child and dying without making any change in her will.

■ A child adopted under the provisions of Art. 46a, Vernon's Ann.Civ.St., acquires, as to its adoptive parents, the rights of a natural child born in lawful wedlock. Hoch et al. v. Hoch et al., 140 Tex. 475, 168 S.W.2d 638.

■ Where such child is adopted subsequent to the making of a will by one of the

adopting parents and no provision is made by the will, his rights are the same as those of a natural child born in wedlock after the making of the will of its parent. Remmers v. Remmers, Mo.Sup., 239 S.W. 509; Taylor v. Hamrick et al., Mo.Sup., 134 S.W.2d 52.

Our adoption statutes are very similar to those of the State of Missouri.

■ Appellant and appellee are in substantial agreement that the two foregoing legal propositions announced are correct. If so, then Art. 8292, Vernon's Ann.Civ.St., applies to the situation here presented. This article was amended in 1931, Acts 42d Legislature, p. 329. The amendment consisted of the addition of the following proviso to the article: " * * *, provided, however, that where the surviving wife is the mother of all of testator's children and said surviving wife is the principal beneficiary in said testator's last will and testament to the entire exclusion, by silence or otherwise, of all of said testator's children, then and in that event the foregoing provisions of this Article shall not apply or be considered in the construction of said last will and testament."

It is not thought the holding that Art. 8292 now applies conflicts with the case of Evans v. Evans, Tex.Civ.App., 186 S.W. 815. The adoption statutes applicable there were in no way similar to the present statutes.

Prior to the amendment by the addition of the proviso, Art. 8292 had been construed to apply to the will of a mother. Parker et al. v. Swain, Tex.Civ.App., 223 S.W. 231.

This decision, we think, correctly declares the law and that same was unaffected by the amendment except that under the conditions named in the proviso the will of a father is excluded from the operation of Art. 8292. If such will of a father is excluded from the operation of the Article, it means that the surviving wife, the principal beneficiary, takes the estate as provided in the will.

Now, it is not so certain as to whether the exclusive language of the proviso applies to the will of a surviving wife. This, even though we apply thereto the rule of construction provided for by Sec. 3 of Art. 10, Vernon's Civ.Sts. We are inclined to the belief that such proviso does not apply to the will of a surviving wife. It is frankly conceded, however, that there seems to

be no good reason why it should not apply. However, unless by its terms it can be construed to apply, this is a sufficient reason for holding that it does not apply. It is deemed unnecessary to finally decide as to this matter.

The proviso by its very terms applies only to a situation where the surviving parent is the principal beneficiary in the will to the entire exclusion, by silence or otherwise, of all of said testator's children. Let it be granted that the surviving husband here is the principal beneficiary, that is not sufficient to bring the will within the terms of the proviso, even though it apply to the will of a wife. There must be an entire exclusion by silence or otherwise of all of said testator's children. Here, clearly there is an entire exclusion of the subsequently adopted child, the appellant here. This is not true as to the other children of the testatrix. By the express provisions of the will they are to receive the estate remaining after the death of their father. True it is, that the father is given extensive powers of the disposition thereof for his own use and benefit during his life, and it is conceivable that nothing might be left to vest in the children at his death. Despite this, the testatrix had the four named children in mind, for she expressly named them and intended to give them something. She did give them something. It is not to be assumed that the plaintiff will waste and squander the estate. He has not the power to dispose of same by will.

■ If the holding be correct that the will in question here is not excluded by the proviso from the other terms of Art. 8292, then the legal effect of the will as to the appellant is there provided. The specific provision thereof is as follows: " * * *, the child or children so after born and pretermitted shall, unless provided for by settlement, succeed to the same portion of the father's estate as they would have been entitled to if the father had died intestate; toward raising which portion the devisees and legatees shall contribute proportionately out of the parts devised and bequeathed to them by such last will and testament, in the same manner as is provided in Article 8291."

Now Article 8292 does not provide that the pretermitted child succeed to the same portion that the child or children provided for in the will succeed to, but to the portion he would have received had the tes-

tator died intestate. The provision that such portion of the pretermitted child shall be raised out of the portion of the estate going to the children that are provided for does not appear. It is said "the devisees and legatees shall contribute proportionately." This language is general and applies to all devisees and legatees named in the will.

In our opinion, Frederick Fancher Bell, Jr., the appellant, upon the death of his adopted mother, succeeded under the will to the same interest he would have had had his adopted mother died intestate. Had she died intestate, as to the separate personal property, if any, his adopted father would have taken a one third interest, leaving ten-fifteenths thereof to be divided between the five children, and a two-fifteenths interest therein would go to Frederick Fancher Bell, Jr. As to the separate real estate, Frederick Fancher Bell, Jr., would inherit a one-fifth interest therein, subject to a life estate in one-third thereof; as to the community property appellant would inherit an undivided one-tenth interest in all the real and personal property. 15 Tex.Jur. pp. 158, 159, pars. 10 and 11.

It follows, then, that the judgment of the trial court declaring that Frederick Fancher Bell, Jr., was entitled to an undivided one-fifth interest in all properties owned and held by Gail Shepard Bell at the time of her death subject to each and every right, power, estate and authority created in favor of Clarence Bell by the duly probated will and testament of Gail Shepard Bell, now deceased, is erroneous; and likewise erroneous in holding that the said appellant did not succeed to a present estate in the property, this interest, subject, of course, to administration under the will.

In order to determine the rights of appellant in the property of the deceased mother, it is necessary to determine what part of such property was community and what part separate. The trial court found that the following real property was separate property:

"The South one-quarter (S¼) of Section 129, Block 13, H&GN Ry. Company Survey, Reeves County, Texas;

"The Northwest one-quarter (NW/4) of the Northwest one-quarter (NW/4) of Section 117, Block 13, H&GN Ry. Company Survey, Reeves County, Texas;

"The North one-half (N/2) of the Southwest one-quarter (SW/4) of the Northwest one-quarter (NW/4) of Section 117, Block 13, H&GN Ry. Company Survey, Reeves County, Texas;

"The Southeast one-quarter (SE/4) of Section 3, Block 16, Range 24, as containing 160 acres of land, Grant County, Washington;

"Section 15, Block 16, Range 24, Grant County, Washington;

"554 acres of raw land (not particularly described in the evidence herein) in Cumberland County, Tennessee."

As to the lands situated in Texas, we think the evidence sustains such finding. As to the status of the lands shown to be situated in other states, the finding is deemed of no legal effect. The status of such lands, as to being separate or community, is to be determined by the law of the state where same are situated.

Certain lands situated in New Mexico were found by the court to be community property. This finding is not deemed material here. As to the lands situated in Texas, found to be community property, that is, the "SW 100 ft x 75 ft, of Block 110, The Original Town of Pecos City, Reeves County, Texas," the evidence sustains the finding of the trial court. All the other property was personal property, consisting of shares of capital stock in a bank at Pecos, cash on hand, livestock in Eddy County, New Mexico, bonds and promissory notes, and found to be community property. We think the evidence sustains this finding.

All of the property in and to which it is here held that Frederick Fancher Bell, Jr., succeeded to under the will of his adopted mother is subject to administration by the independent executor. As to such property, the independent executor has a right to sell or mortgage same for the payment of debts. But he is without right to appropriate any part thereof or the proceeds thereof to his own personal use. The law in this respect is clearly stated in Sankey v. Skelly, 10 Cir., 33 F.2d 856.

Part of the judgment of the trial court is deemed correct. However, it is deemed best to reverse the entire judgment and here enter judgment in accordance with the views hereinbefore expressed.

It is so ordered.