FREDERICKA RITGER, complainant,

*v.*

TERESA MONTEFUSCO, defendant.

[Decided May 9th, 1923.]

1. Where a clause in a will contained two separate paragraphs, the first devising the property to the wife of the testator in fee, and the second providing that any property not disposed of by the wife should go to the children of the testator, naming them, and to any other children he might have at the time of his decease, the second paragraph, even though invalid to limit the estate of the wife, was sufficient to indicate disinheritance of the after-born children within the requirements of the New Jersey statutes, so that the wife acquired title to the property in fee, notwithstanding the birth of other children after the making of the will.

2. The New Jersey statute regulating the rights of children born after the making of a will, was intended to guard against the unintentional exclusion of a testator of those for whom it was his duty to provide, and should not be construed to give property to after-born children which the will showed the testator intended should go to his wife to the exclusion of such children.

On bill, &c.

*Mr. Frederic C. Ritger,* for the complainant.

*Mr. A. Leslie Price,* for the defendant.

FOSTER, V. C.

Complainant has entered into a written agreement to sell and convey to the defendant certain real estate in the city of Newark, which she claims was devised to her in fee by the will of her husband, Peter Ritger, who died on August 19th, 1898. The will was made on January 4th, 1884, and at that time testator had six children living. After the execution of the will seven children were born to Mr. and Mrs. Ritger.

Testator, after directing the payment of his debts and funeral expenses, and bequeathing all of his personal property to his widow, the complainant, by the third clause of his will provided:

"Third—I give and bequeath unto her my said wife aforesaid, all my real estate of which I shall be possessed of at the time of decease, and wherever the same shall be to her my said wife forever, and she may do with the same as she may see fit and proper, without the let or hindrance of any person or persons.

"And I do further order and it is my will that in case. my wife shall die without disposing of my property, then the same shall be given to my children, or their legal heirs, in equal portions, to wit, Anton Ritger, Catharina Ritger, Joseph Ritger, Peter Ritger, Rosalia Ritger and William Ritger, or any other children I may have at the time of my decease."

Claiming to own the lands in question by virtue of this provision of the will, complainant has filed her bill to compel defendant to perform her contract to purchase the real estate in question from her. · Defendant refuses to perform, on the ground that the will is invalid because testator failed therein to provide by settlement, or disinheritance, for his after-born children, in accordance with the requirements of section 21 of the act concerning wills. *Comp Stat. p. 5865.*

It is conceded, however, that if it be found that the terms· of the will comply with those statutory requirements, then complainant has title to the property in fee and can give good title to defendant for the same. This concession is made in recognition of the authority of *Downey* v. *Borden, 36 N. J. Law 460,* and the later cases in which the doctrine of that case has been followed. But it is claimed by defendant that the will is defective, because the third clause consists of, or is divided into, two paragraphs, by the first of which the real estate is given to the widow, apparently in fee, and that in this paragraph no provision is made for the settlement or disinheritance of testator's after-born children, and it is contended that this omission is not cured by the terms of the second and entirely distinct paragraph of this clause of the will, in which testator directs that in case his wife dies

without disposing of the property devised to her, then it shall go to the six living children named, "and [or] any other children I may have at the time of my decease."

It is admitted that the clause last quoted might be regarded as a provision for the disinheritance of, if not for a settlement for, the after-born children, if it had been used and employed in connection with, and as a part of, the paragraph devising the fee, but that as it was not thus used, it cannot, in the position it occupies on this clause of the will, *i. e.,* in a paragraph subsequent to the one in which the fee has been devised, be considered as a compliance with the statute; for it is insisted that the testator, having made an absolute disposition of his property by one part of his will, in which he makes no provision for his after-born children, cannot, by a subsequent reference to or by a provision for them made in his will, correct this omission.

I am unable to agree with this line of reasoning, or with the result it produces, for it not only violates the rule universally recognized, that all parts of the will must, if necessary, be considered together, to learn the intent of the testator and to make his will effective, but because it also adds an unwarranted element to the rule of construction, by the insistment that the relative position of a provision in a will must be controlling on the construction of the instrument, notwithstanding the expressed intention and purpose of the testator contained therein to the contrary. Furthermore, to sustain defendant's contention, would be to ignore the construction placed by this court and by the court of errors and appeals upon this section of the act concerning wills, to the effect that it was the intention of the legislature by this enactment, to guard against the unintentional exclusion by a testator of those for whom it was his duty to provide. *Stevens* v. *Shippen et al., 28 N. J. Eq. 487; affirmed, 29 N. J. Eq. 602;* as well as the general rule, which holds that the object of statutes similar to ours, concerning pretermitted children, is to correct and to provide against testamentary thoughtlessness and to give the omitted child such share in the estate of

the testator as he would have received had there been no will. *C. J. 838.*

In the will under consideration we have neither an unintentional exclusion by testator of his after-born children nor any evidence of testamentary thoughtlessness on his part concerning them. On the contrary, by the express terms of the will, we find testator deliberately disinheriting all his children, and giving his entire estate to his widow; and we also find him, in the same connection, ineffectually endeavoring to provide a settlement for his living and also for his after-born children in the event of their mother's death without disposing of the property he had given her.

My conclusion is that the provisions of the will relating to after-born children satisfactorily complies with the statutory requirements, and that in consequence, complainant has title to the premises in question, in fee, under the third clause of testator's will, and I will advise that the motion to strike the bill be denied and that the decree prayed for by complainant be granted.