71 N.J. Super. 307 (1961)
176 A.2d 840
IN THE MATTER OF THE ESTATE OF MARGARET W. CAMPBELL, DECEASED.
Superior Court of New Jersey, Essex County Court, Probate Division.
Heard November 28, 1961.
Decided December 19, 1961.
*308 Mr. Marius Grosso argued the cause for the plaintiff (Messrs. Grosso, Beck & Mangino, attorneys).
Mr. William J. Reimer argued the cause for defendant Edward L. Sayre.
Mr. George D. Jeter argued the cause for Edward L. Sayre, Jr., an infant.
CRANE, J.C.C.
Mary W. Gibb, plaintiff, brings this action as executrix of the estate of Margaret W. Campbell to seek the advice and direction of the court as to the disposition of the residue of the estate. Margaret W. Campbell *309 died on October 19, 1959, leaving her residuary estate, after the payment of debts, to her daughter Margaret C. Sayre. Mrs. Sayre died on November 9, 1959, leaving a will dated May 27, 1958, in which she bequeathed her entire estate to her husband Edward L. Sayre if he should survive her.
On May 27, 1958 when she made her will, Mrs. Sayre was childless. However, on March 23, 1959, a son Edward L. Sayre was born to her and her husband Edward L. Sayre. Mrs. Sayre was survived by both her son and husband.
The pertinent parts of Mrs. Sayre's will are as follows:
"SECOND: (a) All of the rest, residue and remainder of my estate, of whatsoever kind and wheresoever situate, which at my death I may own, or to which I may be in any way entitled, I give, devise and bequeath to my husband, EDWARD L. SAYRE, TO HAVE AND TO HOLD the same unto his own use, absolutely and forever.
(b) Should my said husband die before me, or should we both die as the result of a common accident or disaster, then in either of such cases, I give, devise and bequeath all of said rest, residue and remainder of my estate to any child or children who may survive me. In case there is no child or children surviving me, I direct that the same be divided into Two (2) equal shares or parts, and I give, devise and bequeath One (1) of said shares or parts to my mother, MARGARET W. CAMPBELL, and the remaining share or part to my sister-in-law, MIRIAM E. SAYRE."
Plaintiff questions whether the will of Margaret C. Sayre is valid under N.J.S. 3A:3-10. She seeks advice as to whom she should deliver the funds in her hands as executrix of the estate of Margaret W. Campbell.
If the will of Margaret C. Sayre is valid the funds should be paid over to the executor of the estate, Edward L. Sayre. If the will is void, however, delivery of the funds will have to await the appointment and qualification of an administrator.
The husband of Mrs. Sayre, Edward L. Sayre, appears individually and as executor of the estate of his wife asserting that the will of his late wife is valid and claiming the funds. The son of Mrs. Sayre, Edward L. Sayre, Jr., appears *310 by a court appointed guardian ad litem who asserts that the will is void and claims an intestate share of Mrs. Sayre's estate.
The factual situation contemplated by the statute appears to exist in this case. Mrs. Sayre had no issue when she executed her will but she died leaving a child surviving her.
The statute, N.J.S. 3A:3-10, provides as follows:
"A will, made when a testator had no issue living wherein any issue he might have is not provided for or mentioned, shall be void and the testator be deemed to die intestate if, at his death, he leave a child or issue or leave his wife enceinte of a child which shall be born."
On behalf of the infant child a number of arguments is raised. The argument that the phrase "child or children" as used in Mrs. Sayre's will refers to any children, not necessarily hers, is summarily rejected as lacking merit. In the context of the will, the phrase "any child or children who may survive me" could only mean her children. The argument that the word "mentioned" as used in the statute means "provided for" is similarly rejected. We find no requirement in N.J.S. 3A:3-10 that a specific legacy or settlement be made as was apparently the requirement under English law at one time. See In re Santelli's Estate, 28 N.J. 331, 333 (1958). Our statutes permit intentional disinheritance. Stevens v. Shippen, 28 N.J. Eq. 487, 536 (Ch. 1877), affirmed 29 N.J. Eq. 602 (E. & A. 1878).
Not so easily resolved, however, is the question of whether the second clause of Mrs. Sayre's will satisfies the statutory requirement that any issue she might have be provided for or mentioned.
Cautious draftsmen have avoided this problem by the inclusion of a clause in form similar to the following:
"I intentionally make no other provision for any children of mine now living [mentioning them by name if any are living] or any children hereafter born to or adopted by me or for any other issue of mine."
*311 Such a clause avoids possible partial intestacy under N.J.S. 3A:3-11 and possible nullity under N.J.S. 3A:3-10.
The statute, N.J.S. 3A:3-10, is subject to criticism in that it brings about an undesirable and unnecessary result in completely nullifying a will to the detriment of innocent beneficiaries. It would seem that partial intestacy as provided for in N.J.S. 3A:3-11 would suffice to protect after-born children. Such considerations are not justiciable, however, they are solely within the province of the Legislature. In re Santelli's Estate, supra, at 28 N.J. 347. It is the function of the court to determine whether the will under the factual situation here presented has satisfied the statutory provisions.
The legislative purpose of the statute apparently was "to guard against the unintentional exclusion by a testator of those for whom it was his duty to provide." Ritger v. Montefusco, 94 N.J. Eq. 652, 654 (Ch. 1923). Its effect has been characterized by the Supreme Court as meaning that "a will made when the testator had no issue living would be revoked by unmentioned or unprovided for afterborn issue." In re Santelli's Estate, supra, at 28 N.J. 346.
It is difficult to understand how a draftsman could draft a will which would comply with the statute in every conceivable factual circumstance under the interpretation advanced by the guardian ad litem. His position is that, since the term "issue" is generally held to be synonymous with the term "descendant," In re Estate of Moses, 58 N.J. Super. 67 (App. Div. 1959), affirmed 32 N.J. 341 (1960), the testator must provide by a specific legacy for every descendant of the testator to the remotest degree. A testamentary disposition to every descendant in the remotest degree would, of course, violate the rule against perpetuities.
The statute has been in effect for well over a hundred years. During that time no case supporting the contentions of the guardian ad litem has been reported although many thousands of such factual situations must have existed. Unless some strong and persuasive argument of policy is *312 advanced the statute should not be given an interpretation which would result in intestacy in this as well as apparently a substantial number of other cases. See Hackensack Trust Co. v. Bogert, 24 N.J. Super. 1 (App. Div. 1952).
Here the testatrix did mention and provide for the issue in being at her death who survived her. She made specific mention of any children who might survive her, thus indicating her contemplation of after-born children. The unintentional exclusion feared by the framers of the statute does not exist here.
The court is not faced with and does not decide the sufficiency under the statute of a will similar to Mrs. Sayre's where the decedent, being childless at the time of the making of the will, leaves grandchildren surviving, the children having predeceased the decedent. In that situation the will might well be void under N.J.S. 3A:3-10. See, however, the lapsed gift statute, N.J.S. 3A:3-13. As has been pointed out above, however, careful draftsmanship can avoid the problem.
Suffice it to say that the court is satisfied that the testatrix contemplated the situation which existed at her death. She provided for and mentioned the issue who survived her. Under these circumstances the will is declared valid.
An order may be submitted providing that the proceeds of the estate of Margaret W. Campbell may be paid over to Edward L. Sayre, executor of the estate of Margaret C. Sayre.